# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**WILMINGTON SAVINGS FUND SOCIETY, FSB,**

    **Plaintiff,**

    v.

**JAIME ROSADO-MUÑOZ, et al.,**

    **Defendants.**

**Civil No. 17-1880 (ADC)**

## OPINION AND ORDER

Before the Court are Jaime Rosado-Muñoz and Nelly Vidal-Rodríguez's ("defendants") motion to dismiss the complaint for lack of jurisdiction and several affirmative defenses, **ECF No. 7**, and plaintiff Wilmington Savings Fund Society, FSB's ("Wilmington") memorandum in opposition, **ECF No. 8**. The Court now **DENIES** defendants' motion to dismiss the complaint, **ECF No. 7**.

**I.**     **Federal Rule of Procedure 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of federal subject-matter jurisdiction. When reviewing a complaint under Rule 12(b)(1), "we construe the [c]omplaint liberally and treat all well-pleaded facts as true, according the plaintiff[s] the benefit of all reasonable inferences." *Town of Barnstable v. O'Connor*, 786 F.3d 130, 138 (1st Cir. 2015) (second alteration in original) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)). A complaint, so construed, must be dismissed under Rule

12(b)(1) if the Court lacks subject-matter jurisdiction to adjudicate its claims. *Id.*; *see also AngioDynamics, Inc. v. Biolitec AG*, 823 F.3d 1, 6 (1st Cir. 2016). In evaluating a motion to dismiss for lack of subject-matter jurisdiction, the court may look beyond the complaint and the motion to dismiss, and consider extrinsic materials. *Dynamic Image Tech., Inc. v. United States.*, 221 F.3d 34, 37 (1st Cir. 2000).

Here, defendants—without citing or discussing a single provision of Federal Rule of Civil Procedure 12(b)—argue that the Court lacks jurisdiction over the complaint because Wilmington allegedly lacks "legal capacity to sue in Puerto Rico." **ECF No. 7** at 5. Defendants claim that Wilmington is barred from filing this mortgage-foreclosure action because it is a "corporation doing business in Puerto Rico[, but] has no legal capacity under Article 27 of the Civil Code of Puerto Rico, [P.R. Laws Ann. tit. 31, § 101.]"[1] **ECF No. 7**.

Article 27 of the Puerto Rico Civil Code provides that the following are artificial persons:

> (1) Corporations and associations of public interest, having artificial personality recognized by law. The personality of such bodies shall commence from the moment of their establishment in accordance with law.
> (2) Private corporations, companies or associations, whether civil, commercial or industrial, to which the law grants legal personality.

P.R. Laws Ann. tit. 31, § 103.

However, defendants do not explain how Article 27 deprives Wilmington of legal capacity to sue before this Court. Instead, they argue that Wilmington is a Delaware corporation "and is not

---

[1] Defendants incorrectly cite Article 27 of the Civil Code as "31 L.P.R.A. 310".

licensed to do and is doing business in the [sic.] Puerto Rico, does not comply with the applicable laws as herein stated and lacks the legal capacity to sue in Puerto Rico." **ECF No. 7** at 5.

Perhaps defendants are trying to invoke Puerto Rico's General Corporations Act's door-closing statute.[2] If that is the case, they have failed to do so in a developed manner. In fact, defendants' motion does not discuss the applicable standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and how the complaint fails under that standard. Moreover, even if they had successfully made this argument, the General Corporations Act does not bar Wilmington from filing this mortgage-foreclosure complaint. *See RNPM, LLC v. Cobas-Mondríguez*, 938 F.Supp.2d 231 (D.P.R. 2013) (GAG) (finding that acquiring debts and collecting them before the Commonwealth Courts and the Federal District Court for the District of Puerto Rico does not constitute "doing business in Puerto Rico" and does not trigger Puerto Rico's General Corporations Act's door-closing statute).

The complaint alleges that the Court has diversity jurisdiction over Wilmington's claim because the debt claimed exceeds $75,000 and the parties are citizens of different states. **ECF No. 1** at 2 (citing 28 U.S.C. § 1332(a)(1)). It further alleges that Wilmington is a corporation with its principal place of business in Delaware, and that defendants are all residents of Puerto Rico. *Id*. Defendants' motion to dismiss does not challenge the complaint's assertions regarding the

---

[2] Puerto Rico's General Corporations Act of 2009 authorizes a court "to enjoin any foreign corporation, or any agent thereof, from transacting any business in this jurisdiction if such corporation has failed to comply with any section of this subchapter applicable to it." P.R. Laws Ann. tit. 14, § 3804. However, it also provides that litigating any judicial process; creating or acquiring "debts, mortgages or real property securities"; and collecting debts or foreclosing on mortgages, "shall not constitute doing business transactions in the Commonwealth." *Id*. at § 3805.

Court's diversity jurisdiction. Accordingly, the Court finds that it has jurisdiction over the complaint under 28 U.S.C. § 1332(a)(1).

## II.   Federal Rule of Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move the Court to dismiss a complaint if it fails "to state a claim upon which relief can be granted." In adjudicating a motion under 12(b)(6), courts ask "whether the well-pleaded factual allegations, viewed in the light most favorable to the plaintiff, state a claim for which relief can be granted." *Germanowski v. Harris*, 854 F.3d 68, 71 (1st Cir. 2017) (citing *Ocasio–Hernández v. Fortuño–Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). To survive defendant's motion to dismiss, the complaint does not need to establish a prima facie case, *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013), but it must plead a plausible claim for relief, *Germanowski*, 854 F.3d at 71. However, the Court "need not credit 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation,' or 'subjective characterizations, optimistic predictions, or problematic suppositions.'" *Gagliardi v. Sullivan*, 513 F.3d 301, 305–06 (1st Cir. 2008) (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)).

"It is well established that affirmative defenses . . . may be raised in a motion to dismiss an action for failure to state a claim. However, it is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings." *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001) (citations and quotations omitted). Thus, an affirmative defense "will support a

motion to dismiss only where it is (1) definitively ascertainable from the complaint and other sources of information that are reviewable at this stage, and (2) the facts establish the affirmative defense with certitude." *Citibank Glob. Markets, Inc. v. Rodriguez Santana*, 573 F.3d 17, 23 (1st Cir. 2009).

Here, defendants raise a litany of affirmative defenses without properly developing their arguments. In fact, they do not even discuss the complaint's allegations, or how the alleged facts establish that any of the affirmative defenses clearly succeed on the face of plaintiff's pleadings. *See Blackstone Realty LLC*, 244 F.3d at 197. Defendants also do not address the applicable standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Accordingly, defendants' motion to dismiss fails.

### III. Conclusion

In light of the above, the Court **DENIES** defendants' motion to dismiss the complaint, **ECF No. 7**. Furthermore, the informative motion at **ECF No. 9** is **NOTED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 21st day of February, 2018.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**