# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST AS INDENTURE TRUSTEE FOR THE CSMC 2015-PR2,**

    **Plaintiff,**

    v.

**JAIME ROSADO-MUNOZ, et al.,**

    **Defendants.**

Civil No. 17-1880 (ADC)

## OPINION AND ORDER

Before the Court is an unopposed motion for summary judgment filed by plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Indenture Trustee for the CSMC 2015 PR2 ("plaintiff") against the Defendants Jaime Rosado-Muñoz a/k/a Jaime Rafael Rosado-Muñoz, Nelly Vidal-Rodríguez a/k/a Nelly Margarita Vidal-Rodríguez and the Conjugal Partnership constituted among them (collectively, "defendants"). **ECF No. 44**. For the following reasons, the motion for summary judgment is **GRANTED**. **ECF No. 44**.

I.     **Undisputed Facts**

On September 30, 2005, defendants executed a mortgage note payable to Doral Bank or order before Notary Public María de Lourdes Nieves Crespo, affidavit number 882. **ECF No. 44-3**. The note, in the principal sum of $532,000, bears interests on the unpaid principal balance at the rate of 6.250% per annum until the debt is paid in full. *Id*. The principal and interests due under the mortgage note are payable in monthly installments. *Id*. The mortgage note provides for the payment of late charges in the amount of 5.000% of each and every monthly installment not received by the person entitled to enforce the instrument within fifteen days after the installment is due, and for the payment of 10% ($53,200.00) of the original principal amount to cover costs, expenses, and attorney's fees in the event the person entitled to enforce the instrument is required to seek judicial collection.

On the same day, defendants executed a voluntary mortgage, constituted by deed number 77, before the same notary public. **ECF No. 44-4**. The mortgage secured the repayment of (a) the indebtedness evidenced by the mortgage note, (b) an amount of 10% ($53,200.00) of the original principal amount of the mortgage note to cover costs, expenses and attorney's fees in the event of judicial collection,(c) an amount of 10% ($53,200.00) of the original principal amount of the mortgage note to cover any advances made under the mortgage deed, and (d) an amount of 10% ($53,200.00) of the original principal amount of the mortgage note to cover interests in addition to those secured by law. *Id*. The mortgage deed encumbers the below described property:

> URBANA: Solar No. 5 del Bloque 'A' de la URBANIZACIÓN GARDEN COURT, radicado en el Barrio Pueblo Viejo del Guaynabo, con un área de 703.70 metros cuadrados. En lindes por el Norte, en varias alineaciones que totalizan 40.05 metros, con la Calle Park Lane; por el Sur, en 8.85 metros, con el solar No. 4 del Bloque 'A'; por el Sur, en 27.95 metros, con el solar No. 4 del Bloque 'A'; por el Este, en 27.95 metros, con el solar No. 4 del Bloque 'A'; y por el Oeste, en 51.56 metros, con terrenos de la Urbanización Suchville. Enclava una casa de concreto dedicada a vivienda.

**ECF No. 44-7.** The property is identified with the number 15371 and is recorded at page number 81 of volume number 1387 of Guaynabo, in the Registry of Property of Guaynabo. *Id*. The mortgage is recorded at page number 81 of volume number 1387 of Guaynabo, 17th entry in the Registry of Property of Guaynabo. *Id*. In accordance with the Registry of Property the defendants are the owner of the property. *Id*.

Plaintiff moves for summary judgment alleging that there is no material dispute in the facts as to defendants' obligations under the mortgage at issue and their ongoing default as to those obligations. Defendants have not filed a response in opposition to the motion for summary judgment.

## II. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'genuine' issue is one that could be resolved in favor of either party, and a 'material fact' is one that has the potential of affecting the outcome of the case." *Calero-Cerezo v. United States Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004). Facts not properly controverted in accordance

with Local Civil Rule 56 "shall be deemed admitted." *See Puerto Rico Am. Ins. Co. v. Rivera-Vázquez*, 603 F.3d 125, 130–31 (1st Cir. 2010). All reasonable inferences are drawn in favor of the non-moving party. *Collazo-Rosado v. University of P.R.*, 765 F.3d 86, 92 (1st Cir. 2014). "[T]he burden on the moving party may be discharged by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation marks omitted).

In a mortgage credit relationship, "[t]he credit gives rise to a personal action for collection of monies which may eventually be executed upon personal property of the debtor." *Fed. Deposit Ins. Corp. v. Urbanizadora Altomar, Inc.*, 716 F. Supp. 701, 705 (D.P.R. June 21, 1989). A mortgage is "a guarantee of a debt, which in turn is secured by a particular property." *Chicago Title Ins. Co. v. Sotomayor*, 394 F. Supp. 2d 452, 460 (D.P.R. July 12, 2005) (citing *Torres v. Fernández*, 47 D.P.R. 845, 848 (P.R. 1934)). "The mortgage is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt." *Urbanizadora Altomar*, 716 F. Supp. at 705. A mortgage creditor may seek foreclosure if the debtor defaults on the payment of any principal or interest due. *Treco, Inc. v. Marina de Palmas, Inc.*, 626 F. Supp. 335, 342 (D.P.R. Jan. 17, 1986) (citing P.R. Laws Ann. tit. 30, § 2701; *id*. tit. 31, § 3061). *See* P.R. Laws Ann. tit. 31, § 4571 (requiring a person who receives a loan to repay the creditor in kind). It is an essential provision of the mortgage contract that, if the obligated party defaults as to the principal obligation, the mortgaged property may be sold to satisfy the guaranteed credit. *See* P.R. Laws Ann. tit. 31, § 5002.

### III. Analysis

There is no dispute in the record that defendants expressly stipulated in the mortgage note and in the mortgage deed that default in their payment of the requisite monthly installments and their failure to otherwise comply with the covenants or agreements included in the mortgage note and or the mortgage deed, would authorize the entity entitled to enforce the instrument to declare it due and payable, and to proceed with the execution or foreclosure of the mortgage. **ECF Nos. 44-3; 44-4**. Plaintiff is the entity entitled to enforce the mortgage note pursuant to P.R Laws Ann. tit 19, § 601.

The last payment made by defendants under the mortgage note was the payment due October 1, 2015. **ECF No. 44-6**. Defendants have failed to comply with the terms of the note and the mortgage deed and have breached their duty to pay the monthly installments. The entire principal sum and accrued interests and expenses have become due and payable pursuant to the acceleration clause of the mortgage note and the mortgage deed. *Id.*

According to the uncontested sworn statement of debt submitted by plaintiff, defendants owe plaintiff $523,388.29. *Id.* Specifically, defendants owe: $473,671.12 of the unpaid principal plus interest at a rate of 6.250% per annum since October 1, 2015 until the debt is paid in full; the amount of $49,717.17 of the unpaid principal amount, that does not accrue interest; and late charges in the amount of 5.000% of each and any monthly installment not received by the note holder within fifteen days after the installment was due. *Id.* Such late charges continue to accrue until the debt is paid in full. *Id.* Defendants also owe plaintiff all advances made under

the mortgage note including, but not limited to, insurance premiums, taxes, and inspections, as well as 10% of the original principal amount ($53,200.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation. *Id.* Plaintiff submitted as evidence (a) true and exact copy of the mortgage note; (b) copy of the mortgage deed; (c) sworn statement of debt that reflects the amounts due and payable; (d) a title search of the property object of the instant case. **ECF Nos. 44-3; 44-4; 44-5; 44-6; 44-7.**

Defendants have ten days from the date of this order to satisfy its debt to plaintiff. After the expiration of that timeframe, plaintiff may request the Court to institute foreclosure proceedings. Plaintiff may request the Court direct the United States Marshal for this District, or to appoint a Special Master, to conduct a public auction or judicial sale to collect the moneys due pursuant to the mortgage note, the mortgage deed, and this judgment. During such sale, the property shall be sold to the highest bidder.

The United States Marshal or the Special Master shall conduct the sale of the property in accordance with 28 U.S.C. §§ 2001 and 2002. The amount of $532,000.00, as set forth in the mortgage deed, shall serve as the minimum bidding amount for the first public sale. Should the first public sale fail to produce an award or adjudication, two-thirds of the amount of the first public sale or $354,666.67, shall serve as the minimum bidding amount for the second public sale. Should there be no award or adjudication at the second public sale, the minimum bidding amount for the third public sale shall be $266,000.00.

The United States Marshal or the Special Master shall issue the corresponding notice of sale to be published in a newspaper of general circulation. Once the order of confirmation of the sale is entered, the United States Marshal or the Special Master will execute the corresponding deed of judicial sale vesting title of the property to the purchaser, who shall be entitled to the delivery of the property and its physical possession. Plaintiff may apply to this Court for those additional orders as it may deem advisable to its interest, in accordance with the terms of this judgment. The Clerk shall issue all writs necessary to enforce and execute the judgment.

## IV. Conclusion

The motion for summary judgment is **GRANTED**. **ECF No. 44**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 8th day of July, 2019.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**